**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CIVIL ACTION NO. 3:08-CV-398-H**

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**V.**

**JEFFREY R. OWEN**                                                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

The United States brings this action to reduce to judgment federal income tax liabilities and trust fund recovery penalties that have been assessed against Defendant, Jeffrey Owen, from 1993 to 2006 totaling $7,379,887.19.  Having filed certified copies of the assessments against Defendant and a series of account transcripts showing accrued interest and penalties, the United States moves this Court for summary judgment.  Defendant filed a response and shortly thereafter, Defense counsel, who entered their appearance on June 5, 2009 after previous counsel withdrew, provided the Court with a notice of withdrawal.

Where the government presents certificates of assessment and payment in support of the amount of taxes, interest and penalties owed, those assessments are presumed correct and enable the government to establish a prima facie case of tax liability.  *United States v. Noble*, 3 Fed. Appx. 331, 333-34 (6th Cir. 2001); *see also United States v. Walton*, 909 F.2d 915, 919 (6th Cir. 1990).  The burden then lies with the defendant to produce credible evidence that he did not earn taxable income attributed to him or does not owe the taxes for some other reason.  *Walton*, 909 F.2d at 919.  If the defendant fails to produce such evidence, it is appropriate for the Court to grant summary judgment in favor of the government.  *Noble*, 3 Fed. Appx. at 334.

In this case, Defendant has offered no evidence to refute the assessments. Rather, Defendant argues that further discovery is necessary. Specifically, Defendant contends the government must turn over "the administrative file, the revenue officer's reports, details regarding who made the allegations against this taxpayer and other critical information" to ensure that the IRS is not alleging tax liability concerning businesses unrelated to Defendant. (Def.'s Mem. Supp. Resp. to Pl.'s Mot. Summ. J. 2.) However, the very policy reason for presuming correctness of assessments shows the flaw in Defendant's argument. It is the taxpayer, not the government, that has the correct facts and figures more readily available to him. *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971). Moreover, Defendant is not entitled to such documentation. *See Gentry v. United States*, 962 F.2d 555, 558 (6th Cir. 1992) (holding that the defendant was not entitled to the original documents used by the IRS to prepare the summary record of assessments). Therefore, this Court, like the Sixth Circuit, "finds no merit to [Defendant's] claim that summary judgment [is premature] in favor of the government because he did not have an adequate opportunity for discovery." *Noble*, 3 Fed. Appx. 334.

Finally, Defendant contends that the documentation submitted by the government is insufficient as it does not detail the facts of the case or the names of the companies involved. The Sixth Circuit directly rejected this argument and found that the summary nature of assessments is sufficient to establish the government's case. *Gentry*, 962 F.2d at 557-58.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment is SUSTAINED and judgment is granted for the United States against Defendant in the amount of $7,379,887.19 plus applicable interest accrued after August 11, 2009.

This is a final order.

cc: Counsel of Record